UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x  Chapter 11
In re:                                                        Case No. 09-72305-ast
                                                              Response to objection to Confirmation
                                                              Hearing Date: 12/15/10 9:30 A.M.

Raymond Viola
                                    Debtor.
-----------------------------------------------------------x

   Raymond Viola, the within Debtor ("Viola" and/or the "Debtor") by Zinker & Herzberg, LLP his attorney, responding to the Objection To Plan Confirmation filed jointly by Triad Capital Corporation of New York ("Triad") and its parent corporation, the National Minority Supplier Development Council Business Consortium Fund ("BCF") ( refereed to collectively as the "Objectants"), respectfully represents as follows:

1.  Although the Objectants claim to be secured creditors and as such are wrongfully classified as general unsecured creditors, it is respectfully submitted that claim no. 10 filed by BCF as a secured claim in the sum of $117,316.53 and incorporated herein by reference does not contain evidence of any guaranty or security interest executed by Viola in favor of BCF.

2.  At best, there is a promissory note dated August 3, 2006, (the "August Note") in the amount of $107,070.75, executed by American Pallet Recycling, LLC in favor of BCF which contains language in paragraph 1.(iv) stating that:

  "(T)he term "**Guaranty**" shall mean the a certain Guaranty dated the date hereof **to be signed** by the Managing Member of the Borrower, Raymond Viola."

(emphasis supplied). The attachments to the claim do not include a copy of any guaranty executed by Viola or any documents supportive of its claim.

3.  Further, paragraph 13 of the August Note states that

"(T)his note is secured by the Guaranty and other security documents."

As stated, there does not appear to be any guaranty executed by Viola. However, paragraph 21 of the August Note does grant BCF as the payee

" a lien on, security interest in and right of set-off of all moneys, securities and other property of the Maker and the proceeds thereof, now or hereafter delivered to be remain with or in transit in any manner to the Payee, its correspondents or its agents from or for the Maker, whether for safekeeping, custody, pledge, transmission, collection or otherwise or coming into possession of the Payee in any way, and also, any balance of any deposit account and credits of the Maker with, and any and all claims of the Maker against, the Payee at any time existing, as collateral security for the payment of this Note, the Debt and of all liabilities and obligations now or hereafter owed by the Maker to the Payee in connection therewith, including fees contracted with or acquired by the Payee, whether joint, several, direct, indirect, absolute, contingent, secured, matured or unmatured ... The collateral security described herein shall be in addition to any collateral security described in any separate agreement executed by the Maker...."

BCF has not attached any other security agreement executed by either Viola or American Pallett nor has it attached any evidence of the perfection of its alleged security interest. It must be observed that absent any other security agreement BCF does not appear to possess a security inny other assets of American Pallett or the Debtor and as such BCF is an unsecured creditor.

4. Class V of the Debtor's proposed Plan consists of the claims of general unsecured creditors. Copies of the respective ballots executed by the respective Objectants are attached as Exhibit 1. In the ballot, under the heading Acceptance or Rejection of the Plan, it states "(T)he undersigned, a Class V creditor of the above named Debtor in the amount of ...)." The ballots were executed by Triad and BCF as unsecured creditors thereby waiving their alleged claims as secured creditors.

5. Further, and although the Debtor indicated that he is the sole member of American Pallett, it appears that he is only a 90% member with the remaining 10% in the name of Triad. See the certificates attached as Exhibit 2. Based upon Triad's holding a 10% interest in American Pallett and its relationship with BCF, both Triad and BCF are insiders and as such are barred

from casting a ballot pursuant to 11U.S.C.§1129(a)(10). In any event the Debtor has not received the requisite number of acceptances to his Plan from Class V unsecured creditors.

6. Triad is fully secured by a second mortgage upon the real property located at 171 East Industry Court, Deer Park, NY (the "Real Property") which is owned by Viola Realty of which the Debtor is the sole managing member. In addition, Triad is holding the Debtor's Membership Certificate representing 90% of the outstanding units as additional security, with Triad holding the remaining 10% as indicated. The Debtor believes that his shares have no value.

7. Although Triad and BCF have indicated their intent to foreclose upon their respective liens, it is the Debtor's position that BCF is fully unsecured and does not hold any lien upon any of the Debtor's assets and that Triad's sole recourse would be to foreclose upon its mortgage against the Real Property, which would undoubtedly be defended. Additionally, the stated intention to commence an action against the Debtor's wife upon her alleged guaranty of American Pallett's obligation to Triad and BCF may be unenforceable and is not germane to the Debtor's case.

8. The Debtor is of the belief that no equity exists in his assets resulting in a Plan to pay his disposable income over the proposed five year period. Accordingly, the Debtor submits that he has not violated the "absolute priority rule" assuming that it is applicable to individual chapter 11 debtors.

9. Accordingly, it is respectfully submitted that the objections to confirmation should be denied.

Dated: Smithtown, NY
       December 13, 2010

ZINKER & HERZBERG, LLP
Attorneys for Debtor

By: _____
Edward Zinker (EZ-7147)
Member of the Firm
278 East Main Street, Suite C
P.O. Box 866
Smithtown, NY 11787
631-265-2133

# EXHIBIT 1

Fax sent by : 212 682 8537   Case 8-09-72305-ast   Doc 86   Filed 12/13/10   Entered 12/13/10 12:23:15
                                                                            12-10-10 04:07p   Pg: 3/10

Fax from : 21224376473
                                                                            12-10-10 02:13p   Pg: 2

Fax from : 631 265 4233
                                                                            12-10-10 12:23p   Pg: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X
In re
Raymond Viola                                    Case No. 09-72305-ast
                          Debtor.                BALLOT
————————————————————X

TO THE CREDITORS OF THE ABOVE NAMED DEBTOR

The Debtor filed a Plan of Reorganization dated November 11, 2010, (the "Plan") in this case. The Court approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from Zinker & Herzberg, LLP, the Debtor's attorneys, POB 866, Smithtown, NY 11787-0866, tel no. 631-265-2133, fax no. 631-265-4233. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan referred to in this Ballot can be confirmed by the Court and thereby made binding upon the Debtor, his creditors and all interested parties if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims filed in each impaired Class. In the event the requisite acceptances are not obtained, the Court may, nevertheless, confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.

You should review the Disclosure statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class V under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Zinker & Herzberg, LLP, the Debtor's attorneys, by mail, fax (631-265-4233) or e-mail(mail@zandhlaw.com) on or before December 10, 2010, 4:00 p.m. and such deadline is not extended, your vote will not count as either as acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, a Class V creditor of the above named Debtor in the amount of $ 133,560.

(check one only)     ____ Accepts the Plan     __X__ Rejects the Plan

Dated: 12/10/10

(Print or Type) Name: National Minority Supplier Development Council Business Consortium Fund, Inc.

Signature: Violet S. Emerson

Title: Senior Vice Pres.

Address: Bus. Consort. Fund
         305 7th Ave, 20th floor
         NY NY 10001

*Rec'd 12/10/10 3:06 PM*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
In re
Raymond Viola

Case No. 09-72305-ast
BALLOT

                              Debtor.
-------------------------------------------X

TO THE CREDITORS OF THE ABOVE NAMED DEBTOR

The Debtor filed a Plan of Reorganization dated November 11, 2010, (the "Plan") in this case. The Court approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from Zinker & Herzberg, LLP, the Debtor's attorneys, POB 866, Smithtown, NY 11787-0866, tel no. 631-265-2133, fax no. 631-265-4233. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan referred to in this Ballot can be confirmed by the Court and thereby made binding upon the Debtor, his creditors and all interested parties if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims filed in each impaired Class. In the event the requisite acceptances are not obtained, the Court may, nevertheless, confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.

**You should review the Disclosure statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class V under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

If your ballot is not received by Zinker & Herzberg, LLP, the Debtor's attorneys, by mail, fax (631-265-4233) or e-mail(mail@zandhlaw.com) on or before December 10, 2010, 4:00 p.m. and such deadline is not extended, your vote will not count as either as acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, a Class V creditor of the above named Debtor in the amount of $ __295,562__.

(check one only)  ____ Accepts the Plan       __X__ Rejects the Plan

Dated: _12/10/10_   (Print or Type) Name: _Triad Capital Corporation of New York_

                    Signature: _[signature]_

                    Title: _SECRETARY_

                    Address: _ONE WATER STREET 3rd Floor_
                             _WHITE PLAINS, NEW YORK 10601_

**EXHIBIT 2**





No. 7

This original certificate being held in escrow by TRIAD CAPITAL Corporation of New York until American Pallet Recycling LLC makes full payment of $225,000 loan held by TRIAD
TRIAD Capital Corporation of New York
By [signature]
Massiel Robiou, pres
MANAGING MEMBER

---

No. 7

**This Certifies that**

THE STATE OF NEW YORK
AMERICAN PALLET RECYCLING, LLC
ORGANIZED UNDER THE LAWS OF

RAYMOND VIOLA

**NINETY (90)**

90 UNITS

Authorized to issue Units of Membership interest

is the owner of _____ Units of the above Limited Liability Company transferable only on the books of the Limited Liability Company by the holder hereof in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. Transfer of these Units is subject to restrictions in the Operating Agreement/Regulations of this Limited Liability Company.

The Company has issued this Certificate to evidence the powers, designations, preferences and relative participation rights of Unit holders and qualifications, limitations or restrictions of such rights.

In Witness Whereof, the said Limited Liability Company has caused this Certificate to be signed by its duly authorized Member(s)/Manager(s) and to be sealed with the Seal of the Limited Liability Company.

Dated July 8, 2004

Raymond Viola
MANAGING MEMBER                                  MEMBER