UNITED STATES BANKRUPTCY COURT                    Hearing Date: April 13, 2011
EASTERN DISTRICT OF NEW YORK                                    2:00 p.m.
--------------------------------------------------------------X
In re:

                                                    Case No.8-09-72305-ast
        Raymond Viola,                                   Chapter 11

                              Debtor                  **NOTICE**
--------------------------------------------------------------X
To the Debtor and Other Parties In Interest:

        PLEASE TAKE NOTICE THAT:
        Upon the application of the United States Trustee- Region 2, a hearing will be
held before the Honorable Alan S. Trust, United States Bankruptcy Judge of the United States
Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York,
Room 960, on April 13, 2011  at 2:00 p.m., or as soon thereafter as counsel may be heard, for an
order converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bank-
ruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further
relief as may seem just and proper.
        The original application is on file with the Clerk of the Bankruptcy Court and with
the United States Trustee and may be reviewed at either office during regular business hours.
        Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290
Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy
Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463
(which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court),
by registered users of the Bankruptcy Court's electronic case filing system and, by all other
parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),
Wordperfect or any other Windows-based word processing format (with a hard-copy delivered
directly to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza,
Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than seven (7) days
prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the
Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the
nature of the response and the basis of the response.
        The hearing scheduled herein may be adjourned from time to time by
announcement made in open court without further written notice.


Dated: Central Islip, New York
        February 24, 2011

                              TRACY HOPE DAVIS
                              UNITED STATES TRUSTEE-Region 2

                              Office of the United States Trustee
                              Long Island Federal Courthouse
                              560 Federal Plaza
                              Central Islip, New York  11722-4456
                              Tel. No. (631) 715-7800

UNITED STATES BANKRUPTCY COURT           Hearing Date: April 13, 2011
EASTERN DISTRICT OF NEW YORK                      2:00 p.m.
---------------------------------------------------------X
In re:

                                         Case No. 8-09-72305-ast

        Raymond Viola,

                                              Chapter 11

                        Debtor.

                                         **NOTICE OF MOTION**

---------------------------------------------------------X


                PLEASE TAKE NOTICE that, upon the annexed application, the United States
Trustee- Region 2 will move this Court before the Honorable Alan S. Trust, United States Bank-
ruptcy Judge of the United States Bankruptcy Court at the Long Island Federal Courthouse, 290
Federal Plaza, Central Islip, New York, Room 960, Central Islip, New York, on April 13, 2011 at
2:00 p.m., or as soon thereafter as counsel may be heard, for an order converting the above-
referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the
alternative, dismissing this Chapter 11 case and such other and further relief as may seem just
and proper.

                Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290
Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy
Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463
(which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court),
by registered users of the Bankruptcy Court's electronic case filing system and, by all other
parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),
Wordperfect or any other Windows-based word processing format (with a hard-copy delivered
directly to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza,
Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than seven (7) days
prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the
Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the
nature of the response and the basis of the response.

                The hearing scheduled herein may be adjourned from time to time by
announcement made in open court without further written notice.


Dated: Central Islip, New York
        February 24, 2011                TRACY HOPE DAVIS
                                         UNITED STATES TRUSTEE-REGION 2


                                By: _s/ Alfred M. Dimino_
                                    Alfred M. Dimino

                                    Trial Attorney
                                    Office of the United States Trustee
                                    Long Island Federal Courthouse
                                    560 Federal Plaza
                                    Central Islip, New York  11722-4456
                                    Tel. No. (631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                           8-09-72305-ast

    Raymond Viola,

                                           Chapter 11

                              Debtor.
----------------------------------------------------------------X

## MOTION TO CONVERT THIS CASE TO A CASE UNDER
## CHAPTER 7 OF THE BANKRUPTCY CODE OR, IN THE
## ALTERNATIVE, TO DISMISS THE CHAPTER 11 CASE WITH PREJUDICE

TO:    THE HONORABLE ALAN S. TRUST;
           UNITED STATES BANKRUPTCY JUDGE:

        The United States Trustee for Region 2 ( the "United States Trustee")  in furtherance of

her duties and responsibilities pursuant to 28 U.S.C. § 586(a)(3) and (5), does hereby make

application to this Court  for an order, under 11 U.S.C. § 1112(b), converting this chapter 11 case

to a  case under chapter 7 of the Bankruptcy Code or, alternatively, dismissing this case with

prejudice (the "Motion").  In support of the Motion the United States Trustee alleges as follows:

### PRELIMINARY STATEMENT

        Raymond Viola (the "Debtor"), filed a voluntary petition under chapter 13 on May 16,

2007 under case number 8-07-71748 (the "First Case") and confirmed a repayment plan on

December 28, 2007. The First Case was dismissed on December 30, 2008 for failure to make the

required plan payments and closed on May 18, 2009. The Debtor filed a second voluntary

petition under chapter 11 of the Bankruptcy Code on April 6, 2009 (the "Second Case").

        The Debtor's petition indicates that he is an individual. The Debtor's schedules list

secured debt aggregating $1,096,861, no priority debt and $169,057 in unsecured debt. The

Debtor's monthly operating report for October 2010 reflects a closing balance in his debtor in possession bank account of $2,233.84. Based upon the October 2010 report, the Debtor is incapable of funding a plan of reorganization. Moreover, during the chapter 11 period the Debtor has proposed four plans of reorganization. As will be shown herein, none is confirmable.

As such, the United States Trustee submits cause exists to convert or dismiss this case;

## THE FIRST CASE

1.      The Debtor  filed a voluntary chapter 13 bankruptcy case on May 16, 2007.

2.      The Debtor was represented by Zinker & Herzberg.

3.      The Debtor confirmed his third amended plan (the "Plan") on December 28, 2007.

4.      The Plan provided for payments to the chapter 13 trustee of $3,000 per month for six (6) months and, thereafter, $4,068 per month for fifty-three (53) months.

5.      The Debtor defaulted in the payments under the Plan in April 2008.

6.      The chapter 13 trustee filed a motion to dismiss the First Case on August 28, 2008.

7.      The First Case was dismissed on December 28, 2008 based upon the Debtor's failure to make the Plan payments.

8.      The First Case was closed by the court on May 18, 2009.

## THE CHAPTER 11 FILING

9.      The Debtor filed a voluntary chapter 11 petition on April 6, 2009.

10.      The Debtor is represented by Zinker & Herzberg.

11.      The Debtor is still in control of his property as a debtor in possession.

12.      The United States Trustee has been unable to form a committee of unsecured

creditors in this case.

13.       The §341(a) meeting was held on May 15, 2009. The Debtor appeared, was examined and the meeting was closed.

14.       The Court has extended the automatic stay through March 31, 2011 as it applies to the Debtor's property.

15.       The Debtor has filed his monthly operating reports through October 2010.

16.       The bar date for the filing of proofs of claim expired on September 18, 2009.

17.       The Court held the initial case management conferences on June 24, 2009 and an adjourned conference is scheduled for March 23, 2011.

**The Debtor's Assets and the Debtor's Liabilities**

18.       The Debtor resides at 88 Idaho Street, Lindenhurst, New York (the "Residence").

19.       The Debtor's petition, schedules and statement of financial affairs reflect that:

(A) the Debtor owns the Residence with his spouse;

(B) the Residence is valued at $400,000;

(c) the Debtor has minimal personal property valued at $11,200;

(D) the Debtor owns interests in two business, American Pallet Recycling, LLC ("Pallet") and APM Services, Inc. ("APM") having unknown values;[1]

(E) there are five (5) mortgages on the residence aggregating $871,861[2];

(F) there is a $225,000 mortgage on the real property owned by Pallet;

---

[1] The Debtor's statement of financial affairs ("SOFA") reflects a third business named Viola Realty, LLC. Additionally, the 2008 federal tax return of APM reflects a fourth business named Viola International.

[2] It appears that there was one unrecorded mortgage and three (3) collateral mortgages which were liens on real property owned by Pallet.

(G) the Debtor has eight (8) unsecured creditors with claims aggregating $169,057[3];

(I) the Debtor's monthly income from his employment by Pallet was $10,833.33;

(J) the Debtor's claimed monthly expenses aggregated $7,413;

(K) the Debtor's monthly income exceeded his monthly expenses by $3,420; and

(L) the Debtor's annual income in 2007 and 2008 was $175,160 and $82,411, respectively.

**The Scheduled and Filed Claims against the Debtor:**

20.     The Debtor scheduled six secured creditors, two disputed and two contingent. They consisted of Everhome Mortgage ("Everhome") (disputed), Banco Popular (disputed), the Small Business Association ("SBA")(contingent), Bank of America ("B of A"), USAA Savings Bank "USAA") (contingent) and Triad Capital Corp.("Triad")(contingent).

21.     Proofs of claim on behalf of five secured creditors were filed, including HSBC, Banco Popular, USAA, Triad and the Business Consortium Fund ("BCF"). Everhome and B of A did not file proofs of claim.

22.     The Debtor lists no priority debt.

23.     The Debtor listed eight (8) unsecured creditors, one of whom is scheduled

---

[3] Including a $117,316.53 debt owed to B C F which  is a secured obligation of Recycling and guaranteed by the Debtor.

as contingent. Scheduled unsecured claims total $169,057[3].

24.     Nine creditors filed unsecured proofs of claim in the aggregate amount of

$114,057.37.

25.     The total scheduled and filed unsecured debt is $136,830.37[4]

**The Debtor's Monthly Operating Reports:**

26.     The Debtor filed monthly operating reports through October 2010[5] (the

"Reports").

27.     The Reports for the eighteen(18) months ending October 31, 2010 reflect:

> (A) total income from Pallet of $166,000 (a monthly average of
> $9,222.22);
>
> (B) total expenses of $154,164 (a monthly average of $8,564.66);
>
> (C) average excess income after expenses of $657.55;
>
> (D) a balance in the Debtor's bank account as of October 12, 2011 of
> $2,233.84;
>
> (E) other than the adequate protection payments, no mortgage payments are
> being made during the chapter 11 case;

---

[4] Not including the under secured portion of the B of A mortgage or the guarantee claims of The SBA, Triad and the B C F which aggregates approximately $500,000.

[5] The Debtor has not filed a report for the months of November, December 2010 and January 2011.

(F) financial transactions between the Debtor and his businesses, without reconciliation;

(G) no disclosures of accrued expenses or unpaid administration expenses; and

(H) no disclosure of the operations of Recycling, the only source of income

for the Debtor.

**The Debtor's Previous Plans:**

28. On June 11, 2010, the Debtor filed a Chapter 11 Plan and a Disclosure Statement.

29. A hearing on the adequacy of the Disclosure Statement was held on July 15, 2010.

30. On August 5, 2010, in response to comments from the creditors and the United States Trustee, the Debtor filed an amended Chapter 11 Plan and an amended Disclosure Statement.

31. A hearing on the adequacy of the amended Disclosure Statement was held on August 18, 2010.

32. On October 21, 2010, the Debtor filed a Second Amended Chapter 11 Plan and a Second Amended Disclosure Statement.

33. A hearing on the adequacy of the Second Amended Disclosure Statement was held on November 3, 2010.

34. Based upon further comments from the creditors and the United States Trustee, subject to identified further changes, the Court approved the Debtor's Second Amended Disclosure statement. Thereafter, on November 15, 2010, the Debtor filed his Third Amended Plan and Third Amended Disclosure Statement.

35. On November 17, 2010, the Debtor solicited the votes of the creditors for the Third

Amended Plan.

36.     On December 10, 2010, Triad and BCF filed objection to the confirmation of the

Debtor's Third Amended Plan.

37.     On December 13, 2010, the Debtor filed his certification of Ballots which reflected

acceptance by Class I and rejection by Class V[6]. The Debtor was unable to proceed to

confirmation.

**The Debtor's Fourth Amended Plan:**

38.     On February 22, 2011, the Debtor served a Fourth Amended Disclosure Statement

the ("Disclosure Statement") and a Fourth Amended Plan of Reorganization (the "Plan").

39.     The Plan provides:

(A) Class I-repayment of $183,842.13 plus interest at 8% to Banco Popular

on its senior mortgage and first collateral mortgage given to Pallet at the rate of $2,000 per

month for fifteen (15) years[7];

(B) Class II-repayment of $7,724.99 plus interest at 4.25% to HSBC Bank

on its second mortgage at the rate of $60 per month for 20 years[8];

(C) Class III- repayment of $109,985.53 plus interest at 4% to the

SBA on its third mortgage and second collateral mortgage given to Pallet at the rate of $610

per month for 28 years, 9 months[9]. The Debtor proposes to make payments to this class only in the

---

[6] The Debtor objected to the inclusion of the Triad and BCF ballots in the calculation. However, even without counting the Triad and BCF ballots, Class V rejected the Debtor's plan.

[7] An amortization schedule for $170,000 over 15 years at 8% interest reflects a monthly payment of $1,625.

[8] An amortization schedule for $7,700 over 20 years at 4.25% interest reflects a monthly payment of $58.

[9] An amortization schedule for 110,000 over 28 years and 9 months at 4% interest reflects a monthly payment of $537.

event of a default by the primary obligor, Pallet;

(D) Class IV-repayment of $119,155.19[10] plus interest at 4% to B of A on a fourth mortgage and third collateral mortgage given to Pallet, at the rate of $600 per month for 15 years[11];

(E) Class V-repayment of $257,250 plus interest at 4% to Triad on a mortgage given to Pallet and secured by a pledge of the Debtor's membership interest in Pallet, as follows: (1) 4 % interest only, based upon a 20 year amortization schedule, for two years at the rate of 857.50 per month[12]; (2) principal and interest at 4%, based upon a 20 year amortization schedule, for the subsequent three years at the rate of $1,230 per month[13]; and (3) a balloon payment of the balance due at the end of the five year term[14]. The Debtor proposes to make payment to this class only in the event of a default by the primary obligor, Pallet. Additionally, the Plan proposes to pay BCF and Triads's attorney fees (1) Underweiser & Underweiser at the rate of $250 per month for one year and any balance due in equal monthly installments over the second year; and (2) Backenroth, Frankel & Krinsky at the rate of $300 per month for one year and any balance due in equal monthly installments over the second year;

(F) Class VI- repayment of $117,316 plus interest at 4% to BCF on a

---

[10] The B of A claim has been bifurcated, a secured claim of $119,155.19 and an unsecured claim of $145,844.81.

[11] An amortization schedule for $120,000 over 15 years at 4% interest reflects a monthly payment of $887.63.

[12] An amortization schedule for $257,000 over 20 years at 4% interest reflects a monthly interest payment of $856.67.

[13] An amortization schedule for $257,000 over 20 years at 4% interest reflects a monthly principal and interest payment of $1,557.37.

[14] An amortization schedule for $257,000 over 20 years at 4% interest less three years of principal and interest payments reflects a balance due of $254,183.14.

mortgage given to Pallet as follows: (1) 4 % interest only, based upon a 20 year amortization schedule, for two years at the rate of $391.00 per month[15]; (2) principal and interest at 4%, based upon a 20 year amortization schedule, for the subsequent three years at the rate of $560 per month[16]; and (3) a balloon payment of the balance due at the end of the five year term[17]. The Debtor proposes to make payment to this class only in the event of a default by the primary obligor, Pallet. Additionally, the Plan proposes to pay BCF and Triads's attorney fees (1) Underweiser & Underweiser at the rate of $250 per month for one year and any balance due in equal monthly installments over the second year; and (2) Backenroth, Frankel & Krinsky at the rate of $300 per month for one year and any balance due in equal monthly installments over the second year 10% payout to unsecured creditors, payable 2% quarterly over fifteen months;

(G) Class VII-$28,500 to the unsecured creditors over five years in quarterly installments commencing 90 days after confirmation[18] or cash on confirmation, estimated as a 3.5% distribution; and

(H) Administration expenses, estimated at $25,000, to be paid as agreed between the Debtor and the creditor.

40.     The Fourth Amended Plan requires the Debtor to make monthly payments aggregating $3,970.63 (Banco Popular, B of A, secured creditors attorney fees and the unsecured creditors) and contingent payments over the first two years of the plan term aggregating

---

[15] An amortization schedule for $118,000 over 20 years at 4% interest reflects a monthly interest payment of $393.33.

[16] An amortization schedule for $118,000 over 20 years at 4% interest reflects a monthly principal and interest payment of $715.06.

[17] An amortization schedule for $118,000 over 20 years at 4% interest less three years of principal and interest payments reflects a balance due of $117,031.61.

[18] Quarterly payments of $1,425 or $475 per month.

$1,787, over the third through fifth years $2,809.43 and balloon payments aggregating $371,214.75 at the end of year five. This does not take into consideration the payment of administration claims.

**Quarterly Fees:**

41.     The Debtor has failed to pay to the United States Trustee the quarterly fee due for the fourth quarter 2010.

**ARGUMENT**

**Conversion or Dismissal of This Case is Warranted:**

42.     The Bankruptcy Code at §1112(b)(1) provides that on the request of a party in interest, and after notice and a hearing, the "Court shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditor and the estate, if the movant establishes cause." Section 1112(b)(4) of the Bankruptcy Code describes a variety of enumerated factors that may constitute "cause" for conversion or dismissal, including, substantial or continued diminution of the estate and absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy timely any filing or reporting requirements, failure to timely provide information requested by the United States Trustee, failure to timely pay post petition taxes, or failure to pay fees required under title 28. 11 U.S.C. section 1112(b)(4).  The list is not exhaustive.  In re State Street Assoc., 348 B.R. 627 (Bankr. N.D.N.Y. 2006) (citing  In re 3 RAM, Inc., 343 B.R. 113 (Bankr. E.D. Pa. 2006) ).  See also In re The 1031

Tax Group, LLC, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (a case may be dismissed for reasons other than those specified in section 1112(b), as long as the reasons establish "cause").[19]

43.     The Court may not convert or dismiss a case if the Court finds and specifically identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of the creditors and the estate and the debtor or other party in interest establishes that there is a reasonable likelihood that a plan will be confirmed within a reasonable amount of time and that there exists a reasonable justification for the act or omission and that it will be cured within a reasonable period of time fixed by the Court.  11 U.S.C. §1112(b)(2)[20].

44.     The Debtor has failed to provide any evidence that would support the continuation of the chapter 11 case, such as complying with the minimum filing requirements and evidencing the possibility of a successful reorganization.  In addition, the Debtor has failed to disclose any financial information which could lead to a different conclusion.

45.     Of the enumerated factors set forth at §1112(b) of the Bankruptcy Code, the following apply to the facts of this case:

> A.     "Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" 11 U.S.C. §1112(b)(4)(A);
>
> B.     "Unexcused failure to satisfy timely any filing or reporting requirement

---

[19]Although decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), Second Circuit authority providing that the list of factors in pre-BAPCPA section 1112(b) was illustrative rather than all-inclusive is still applicable.  In re C-TC 9th Avenue Partnership., 113 F.3d 1304, 1311 (2nd Cir. 1997) (bankruptcy court may dismiss chapter 11 filing upon a finding that case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)).

[20] As amended by the Bankruptcy Technical Corrections Act of 2010.

established by this title or by any rule applicable to a case under this chapter;" 11 U.S.C. §1112(b)(4)(F);

        C.      Failure to pay any fees or charges required under chapter 123 of title 28. 11 U.S.C. §1112(b)(4)(K).

**Debtor Has Shown Continuing Losses and No Likelihood of Rehabilitation**

46.      A continuing loss to the estate and an absence of a likelihood of rehabilitation constitutes cause for the dismissal or conversion of a chapter 11 case.  11 U.S.C. § 1112(b)(4)(A). Recognizing that the fundamental purpose of chapter 11 is to reorganize operations, courts have found cause to convert cases to chapter 7 under former §1112(b)(1)[21], where debtors have ceased operations, or seek to self-liquidate their assets. See,  In re Loop Corp., 290 B.R. 108 (D.Minn. 2003), aff'd 379 F.3d 511 (8th Cir. 2004) (affirming Bankruptcy Court's order converting liquidating Chapter 11 case to Chapter 7); In re East Coast Airways, Ltd., 146 B.R. 325, 326 (Bankr.E.D.N.Y. 1992) ("[a]bsent a reasonable amount of assets and a feasibly operating business, there is no reason for continuing a corporate debtor in Chapter 11").

47.      "To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements."  In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y. 2003). There need not be significant diminution to satisfy the first prong of section 1112(b)(4)(A). See, East Coast Airways, 146 B.R. at 336; In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988).

---

[21]   As a result of the 2005 amendments to the Bankruptcy Code, former section 1112(b)(1) has been renumbered as section 1112(b)(4)(A).

48.        Since the filing of the Debtor's case on April 6, 2009, the Debtor has failed to file a all of the required Reports. The Reports, as filed, fail to provide the minimum financial information needed to conduct an analysis of the Debtor's financial condition. The October 2010 Report reflects that the Debtor has accumulated $2,233.84 in his debtor in possession checking account in the eighteen (18) months he has been under the protection of this court. Additionally, the Reports fail to show the payment on any of the mortgages and do not disclose the status of post petition administration expenses. In the absence of evidence that could demonstrate that his finances can be rehabilitated, it can only be assumed that the Debtor is operating at a loss. Moreover, the Reports showing a bank account balance of $2,233.84 (an average of $124.10 per month), only support the United States Trustee's position that the Debtor is operating at a deficit cash position and will continue to do so, leading to a further diminution of the Estate. " . . .[R]ehabilitation means to put back in good condition and reestablish on a sound basis." Adbrite, 290 B.R. at 216, see also In re Rundlett, 136 B.R. 376, 380 (Bankr.S.D.N.Y. 1992) ("[r]ehabilitation signifies that the debtor will be reestablished on a sound financial basis, which implies establishing a cash flow from which current obligations can be met").  An absence of a likelihood of rehabilitation will be found where there is no business left to reorganize.  Great American Pyramid, 144 B.R. at 791. See 11 U.S.C. §1112(b)(4)(A).

49.        Additionally, the Debtor's schedules and the filed proofs of claim reflect mortgage

debt exceeding $800,000 and unsecured exceeding $169,000[22]. Based upon these claims and the post petition income reflected in the filed Reports, the Debtor is incapable of proposing and confirming a plan of reorganization.

50.　　Under the 2005 amendments and 2010 technical corrections to the Bankruptcy Code, the court must dismiss or convert a case under 11 U.S.C. §1112(b) if cause has been established.

51.　　The United States Trustee has established cause under 11 U.S.C. §1112(B)(4)(A) for dismissal, or in the alternative, a conversion to chapter 7.

**The Debtor Has Failed to Timely File Monthly Operating Reports**:

52.　　E.D.N.Y. LBR 2015-1 requires debtors in possession to file monthly operating reports "... no later than the 20th day of each month."

53.　　The Debtor filed its petition on April 6, 2009. The November 2010 operating report, December 2010 operating report and the January 2011 operating report were due on December 20th 2010, January 20th 2011 and February 20th 2011, respectively. The Debtor has failed to file a MOR for November and December 2010 and January 2011.

54.　　The Debtor's failure to file the required monthly operating reports demonstrates a disregard of its responsibilities as a debtor in possession. The reports provide a window into a debtor's operations, and the failure to comply with this basic fiduciary responsibility is indicative of an inability to reorganize. The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. In

---

[22] The unsecured debt could exceed $650,000 if Pallet defaults on the mortgage payments.

fact, "[t]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of Chapter 11 proceeding); see also, In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. at 164 (debtors' failure to file reports for ten months warranted conversion or dismissal). The failure to file the required report has deprived the Court, the United States Trustee and the creditors of the ability to adequately monitor this case and effectively assess the viability of the Debtor's case. See 11 U.S.C. §1112(b)(4)(F).

55.     Furthermore, the Debtor's sole source of income is from the profits generated by Pallet. Any reorganization plan offered by the Debtor would be premised upon the profits of Pallet. However, during the pendency of this case, the Debtor has provided no financial information regarding Pallet's operations.

56.     Cause exists for dismissal or conversion exists because the Debtor has failed or refused to timely file the monthly operating reports. Under the 2005 amendments to the Bankruptcy Code, the court must dismiss or convert a case under 11 U.S.C. §1112(b) if cause has been established.

57.     The United States Trustee has established cause under 11 U.S.C. §1112 for dismissal, or in the alternative, a conversion to chapter 7. See 11 U.S.C. §1112(b)(4)(F).

**The Debtor Has Failed To Pay Quarterly Fees To The United States Trustee:**

58.     28 U.S.C. §1930(a)(6) requires every chapter 11 debtor to pay, to the United States Trustee, a quarterly fee based upon disbursements (the "Fee").

59.     Failure to pay the Fee is cause for dismissal or conversion of a case. See 11 U.S.C.

§1112(b)(4)(K).

60.     The Debtor has failed to pay the Fee for the fourth quarter 2010.

61.     Cause exists for dismissal or conversion exists because the Debtor has failed or refused to pay the required Fee. Under the 2005 amendments to the Bankruptcy Code, the court must dismiss or convert a case under 11 U.S.C. §1112(b) if cause has been established.

**THE *JUDE THADDEUS/TUSCAN SUN* ANALYSIS**:

62.     In deciding the similar issues in <u>In re Jude Thaddeus</u>, (2010 WL 4496836 at *10), this Court employed ten factors to determine the choice between conversion and dismissal.

63.     The ten factors are:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

(3) Whether the debtor would simply file a further case upon dismissal;

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;

(5) Whether conversion or dismissal of case would maximize the estate's value as an economic enterprise;

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum;

(7) Whether the estate consists of a "single asset";

(8) Whether the debtor had engaged in misconduct and whether creditors

16

are in need of a chapter 7 case to protect their interests;

        (9) Whether a plan has been confirmed and whether any property remains in the estate to be administered; and

        (10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental or safety concerns.

64.      In the present case, the Debtor has little, if any, unencumbered hard assets, a business which does not appear to generate sufficient profits to meet plan requirements, significant pre-filing secured debt and post petition administration debt.

65.      There does not appear to be: any preferential treatment of creditors, any potential for the loss of rights to the creditors, any concern about a refiling of the case, the need for a trustee to reach assets, any unresolved legal issues, no misconduct on the part of the Debtor, no confirmed plan and no environmental or public safety issue.

66.      Based upon the *Jude Thaddeus* factors, the United States Trustee asserts that dismissal of these cases is the appropriate remedy.

**Dismissal of this case  is in the Best Interests of Creditors:**

67.      The chapter 11 performance of this Debtor demonstrates that there is no hope for a successful reorganization. The Debtor is incapable of reorganizing, has failed to meet the most basic obligations of a debtor and has been unable to generate excess cash and cash flow from which he could propose a feasible plan of reorganization. Dismissal of this case is warranted. Based upon the conduct of this Debtor and the debt structure, the creditors should be afforded the opportunity to enforce their respective rights outside this court. Accordingly, based on the totality of the circumstances, this case should be dismissed.

## CONCLUSION

68.    Cause exists under 11 U.S.C. §1112(b) to dismiss this case. Having voluntarily sought

the protection of this Court, disregarded his obligations and been unable, in two years, to reorganize his

finances, the Debtor should not be rewarded, and the creditors should not be further prejudiced, by the

continuation of this case.

69.    Based on the foregoing, the United States Trustee respectfully requests that the

Court enter an order pursuant to 11 U.S.C. §1112(b): (I) dismissing this case; or in

the alternative, (ii) converting this chapter 11 case to one under chapter 7.


Dated: Central Islip, New York
        February 24, 2011

TRACY HOPE DAVIS
UNITED STATES TRUSTEE


/s/ Alfred M. Dimino
Alfred M. Dimino
Trial Attorney

560 Federal Plaza
Central Islip, New York 11722
631-715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

      Raymond Viola,

                                   Case No.8-09-72305-ast
                                   Chapter 11

                  Debtor.       **CERTIFICATE OF SERVICE**
------------------------------------------------------------X

      I, Linda Kmiotek, am employed at the Office of the United States Trustee for the Eastern District of New York, hereby certify that I served a true copy of the annexed Notice, Notice of Motion and Application to Convert This Case to Case Under Chapter 7 of the Bankruptcy Code or, in the Alternative, to Dismiss This Chapter 11 Case With Prejudice, by depositing same in a sealed envelope, with postage pre-paid thereon, by overnight delivery, addressed to the last known address of the addresses listed on the attached list.

Raymond Viola
88 Idaho Street
Lindenhurst, NY 11757

Edward Zinker, Esq.
Zinker & Herzberg
278 Main Street
P. O. Box 866
Smithtown, NY 11787-0866

Michael G. McAuliffe, Esq.
48 South Service road, Suite 102
Melville, NY 11747

Mark Frankel, Esq.
Backenroth Frankel & Krinsky, LLP
489 Fifth Avenue
New York, New York 10017


Dated: Central Islip,  New York
      February 24, 2011

                                         ***S/ Linda Kmiotek***
                                         Linda Kmiotek