UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:

Raymond Viola

                                             Debtor.

----------------------------------------------------------x

Chapter 11
Case No. 09-72305-ast
Affidavit in Opposition to Motion to
Dismiss or Convert
Return Date: 4/13/2011 2:00 p.m.

State of New York   )
                            )ss:
County of Suffolk    )

        Raymond Viola, the within Debtor in opposition to the Motion of The Office of the United States Trustee ("UST") to convert or dismiss his Chapter 11 Case respectfully represents to this Honorable Court and alleges under penalty of perjury:

1.        My Chapter 11 Case was commenced on April 6, 2009 (the "Commencement Date").

2.        On May 15, 2007, I filed for Chapter 13 in an effort to prevent the foreclosure on my home located at 88 Idaho Street, Lindenhurst, NY ("Residence") by Banco Popular NA. My Third Amended Chapter 13 Plan was confirmed and pursuant to the confirmed Plan I was required to make payments of $3,800.00 for the first six (6) months and $4,068.00 for the remaining fifty-four (54) months.

3.        As revealed in my Chapter 13 Case as well as this Chapter 11 Case, my sole income is derived from American Pallet Recycling, LLC ("Pallet") of which I am the sole certificate holder and managing member. During the pending Chapter 13 Case I paid approximately $55,000.00 to the Chapter 13 Trustee until such time as LNK International, one of Pallet's substantial customers arbitrarily refused to pay Pallet the sum of approximately $104,000.00 due it for product provided to it. This resulted in a severe cash flow problem for Pallet and it became necessary for Pallet to commence an action in the Supreme Court of Suffolk

County where after several months Pallet was successful in its motion for summary judgment and collected the sum of $74,000.00 after attorney fees. Although Pallet was ultimately successful in collecting its monies, the damage to its cash flow was irreparable causing my inability to make my Chapter 13 Plan payments ultimately resulting in the dismissal of the Chapter 13 Case.

4. Being unable to protect my Residence, where I reside with my wife who was diagnosed with ovarian cancer in May of 2009, my 85 year old father who is blind, my 88 year old mother in law and three of my four children, from foreclosure I filed this Chapter 11 Case with the intent of resolving my financial problems, primarily with Banco Popular NA, which has in fact accepted my Plan to make full payment to it at the rate of $2,000.00 monthly at 8% annual interest. It is anticipated that this debt will be fully paid in approximately 10 years. It has never been my intention to abuse the bankruptcy process, as evidenced by my making all adequate protection payments to Banco Popular NA as directed by the Court for the nearly two (2) years that I have been in Chapter 11. In fact, no dismissal of the instant Case has been sought based upon an improper or abusive filing.

5. All operating reports have been filed and fees due to UST have been paid and are current. I did not receive a statement for the fourth quarter fees, however, they were paid in March, 2011.

**Debtor's Assets and Liabilities**

6. I scheduled my Residence as having a value of $400,000.00, although although I believe that the current value is $410,000.00 pursuant to a recent market analysis. However, the current value should not have any impact in determining whether my newly filed Plan is in the best interest of creditors.

7.      On the Commencement Date, my scheduled indicated that I owned a business known as Viola International. This business was to be involved in a joint venture in the Dominican Republic. However, the project never came into being and this business was discontinued in 2009.

8.      Although my schedules refer to Pallet and APM Services, Inc. as my other businesses with an unknown value, I have provided information in my Disclosure Statement as approved by the Court, that there would be as no value for my creditors upon liquidation.

**Scheduled and Filed Claims**

9.      Regarding the scheduled secured creditors, it should be noted that the alleged first mortgage held by Everhome Mortgage ("Everhome") was deemed unsecured based upon its failure to record the same. Everhome has not filed a claim. This left Banco Popular NA in the first position.

10.     Further, a fourth mortgage lien was held by of Bank of America ("BOA") in the amount of approximately $265,000.00, and the fifth mortgage lien was held by USAA Savings Bank ("USAA") in the amount of approximately $175,000.00. The lien of BOA was deemed by the Court to be secured in the amount of $119,155.18 with the balance of $145, 884.81 as unsecured. However, BOA has recently sent me a satisfaction of mortgage which as a result removes its lien and satisfied the unsecured portion of its claim as well. The lien of USAA was deemed to be totally unsecured by the Court.

11.     As a result of the foregoing, the only remaining liens upon my residence consist of Banco Popular NA for approximately $170,000.00, HSBC for approximately $8,000.00 and the SBA for approximately $109,000.00.

12.     Proofs of claim were filed by Triad Capital Corp. ("Triad") and the Business

Consortium Fund ("BCF") which are contingent unsecured creditors as Triad holds a second mortgage upon the real property owned by Pallet as well as an alleged lien upon my membership certificate in Pallet. Triad is fully secured by its lien upon Pallet's realty and I believe that the lien upon my membership certificate has no value. BCF has a lien upon the personal property of Pallet which is in second position to the lien of the SBA and accordingly in unsecured. As the SBA is currently owed the sum of $109,000.00.

**Monthly Operating Reports**

13. At this time all operating reports through February, 2011 have been filed.

14. As of November, 2010 my draw from Pallet has been increased to the monthly sum of approximately $10,500.00. This sum does not include the monthly payment of $610.00 paid by Pallet to the SBA which as indicated holds a third mortgage upon my Residence as collateral security for the Pallet loan.

15. The bank balance referred to by the UST as of October, 2011 (sic) fluctuates on a monthly basis.

16. The financial information referred to in paragraph 27 F and H were provided in my Disclosure Statement was approved by the Court after the UST had signed off. Other financial information was provided to the UST although the same was not required to be included in the Disclosure Statement. In fact, my fifth amended disclosure statement has not yet been filed with my fifth amended plan as I am awaiting updated financials from my accountant and upon receipt will be included in the fifth amended disclosure statement to be filed shortly after receipt of the updated in formation.

17. The Fifth Amended Plan addresses the calculated payment to Banco Popular over approximately ten (10) years at the rate of $2,000.00 monthly at 8% annual interest ,and the

monthly payment to HSBC Bank was rounded off to $60.00 monthly. The monthly payment of $610.00 to the SBA is being made by Pallet and will continue to be paid directly by it.

18. As previously set forth BOA has issued a satisfaction of its mortgage and accordingly, no payments will be made by me to it.

19. With the Court's patience, this Case will be celebrating its second anniversary and it has been a very difficult road to travel. To permit my Case to be either converted or dismissed without a full hearing on the feasibility and best interest of my proposed plan would be an incredible waste of all of the time and effort expended by all parties involved not to mention the extreme psychological distress suffered by myself and my family.

20. To think that I purposefully embarked upon this most trying effort with my sole intent being to abuse the legal process to merely delay my creditors defies all logic as all I ever sought was to save my home and at the same time settle my debts.

Wherefore, it is respectfully requested that the Motion to dismiss or convert the Chapter 11 Case be denied and that the matter be permitted to proceed.

Dated: Smithtown, NY /s/
April 6, 2011 Raymond Viola, Debtor

PURSUANT TO RULE 9011
Zinker & Herzberg, LLP
Attorneys for Debtor & Debtor-In-Possession

  /s/
Edward Zinker, Esq.
Member of Firm

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                    Case No.:09-72305-ast
                                          Chapter 11
Raymond Viola                             Affirmation of Service

                              Debtor.
--------------------------------------------------------X


STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SUFFOLK     )

       The undersigned, an attorney at law affirms and says that:

       Affirmant is not a party to the action, is over 18 years of age, and resides in Plainview, NY.

       On April 6, 2011 Affirmant served the Debtor's Affidavit in Opposition to Motion to Convert or Dismiss upon The Office of The United States Trustee, at 560 Federal Plaza, Central Islip, NY 11722 by depositing same in - official depository - under the exclusive care and custody of the United States Postal Service within the State of New York.


                                                            /s/
Dated: Smithtown, NY                      Edward Zinker
       April 6, 2011